No. 1548.   **Miller** *v.* **Schmidt.**   November Term, 1883. This was an action in a trial justice's court for the recovery of the balance due on a note. Defendant appeared by her husband and agent, who made no objection to the trial proceeding. Judgment was given for plaintiff, and defendant appealed. On the call of the case in the Circuit Court, defendant, without previous notice, presented a petition for a new trial, upon the fact, stated in her own affidavit, that she was too sick to attend the trial below; that she could have proved payment, and that manifest injustice had been done her. The Circuit judge (Fraser) refused the petition (1) because he had no right to grant it; (2) that it came too late and did not make out a proper case. After argument on the merits, judgment was rendered that the appeal be dismissed and the judgment below affirmed. On appeal to this court, *held*—

1. That this court was confined to a consideration of alleged errors of law only.

2. That defendant's petition was manifestly under section 368 of the code, which applies only to cases of default, and this was not a case of default. The Circuit judge had no right to grant the petition.

3. It is immaterial what other reasons were assigned for refusing the petition, but defendant was too late, it having been made at the trial without notice.

4. Statements made by counsel for respondent in his argu-

ment before the Circuit Court, called for no ruling, and none was made. It therefore furnishes no ground for an appeal.

5. With a question of fact, this court has nothing to do. What evidence is entitled to more weight, especially where it is conflicting, presents no question of law? Judgment affirmed. OPINION by MR. JUSTICE McIVER, March 24th, 1884. *R. A. Lynch*, for appellant. *Mark Reynolds*, contra.